PORSH BUILDERS, INC. v. CITY OF WINSTON-SALEM, A NORTH CAROLINA MUNICIPAL CORPORATION, WAYNE A. CORPENING, MAYOR; JON B. De-VRIES; EUGENE F. GROCE; ERNESTINE WILSON; VIRGINIA H. NEWELL; JOHN J. CAVANAGH; ROBERT S. NORTHINGTON, JR.; VI-VIAN K. BURKE; LARRY D. LITTLE, MEMBERS OF THE BOARD OF ALDER-MAN FOR THE CITY OF WINSTON-SALEM, AND THE REDEVELOPMENT COM-MISSION OF WINSTON-SALEM, A POLITICAL SUBDIVISION OF THE CITY OF WINSTON-SALEM

No. 7921SC320

(Filed 15 July 1980)

Municipal Corporations § 4.5— sale of property by redevelopment commission — necessity for accepting high bid

Where the high bidder for property being sold by a municipal redevelop-ment commission to private developers has submitted a proposal for use of the property that complies with the zoning law and has been approved as being in conformity with the redevelopment plan, the municipal board of aldermen does not have the discretion to accept a lower bid for the property. G.S. 160A-514.

Judge MARTIN (Harry C.) dissents.

APPEAL by plaintiff from *Walker (Ralph A.), Judge.* Judg-ment entered 20 November 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 27 November 1979.

This is an action by the plaintiff for an order requiring the Mayor and Board of Aldermen of the City of Winston-Salem to accept a bid made by plaintiff on a certain parcel of real estate

in the City of Winston-Salem. The Winston-Salem Redevelopment Commission had acquired certain property in the City of Winston-Salem. On 22 September 1975, the Commission adopted the Crystal Towers Community Development Plan (CTCDP) for that property. Pursuant to that plan, the Commission offered for sale a parcel of real estate designated Parcel 1, Crystal Towers Community Development Area. The plaintiff submitted a bid of $6,550.00 for the property. One other bid was submitted by John Ozmun for $4,750.00. Both bidders submitted proposals for the development of the property. Plaintiff proposed to build six apartment units, and Ozmun proposed to move a single family dwelling onto the property. The City of Winston-Salem Planning Staff determined that both proposals met the requirements of the zoning district and the residential nature of the CTCDP. The planning staff determined that Mr. Ozmun's proposed proposal "more nearly" complied with the redevelopment plan for the area as it would increase home ownership. The planning staff recommended that the Board of Aldermen accept the Ozmun bid on the condition that he transfer an option he held on a certain lot to the City. The Board of Aldermen accepted the Ozmun bid and rejected the plaintiff's bid. The court granted the defendant's motion for summary judgment. Plaintiff appealed.

*Frye, Booth and Porter, by Leslie G. Frye, for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by Roddey M. Ligon, Jr., for defendant appellees.*

WEBB, Judge.

The sale to private developers of property owned by the Winston-Salem Redevelopment Commission is governed by G.S. 160A-514 (c) and (d) which provide in part:

(c) A commission may sell, exchange, or otherwise transfer real property or any interest therein in a redevelopment project area to any redeveloper for residential, recreational, commercial, industrial or other uses or for public use in accordance with the redevelopment plan, sub-

Builders, Inc. v. City of Winston-Salem

ject to such covenants, conditions and restrictions as may be deemed to be in the public interest or to carry out the purposes of this Article; provided that such sale, exchange or other transfer, and any agreement relating thereto, may be made only after, or subject to, the approval of the redevelopment plan by the governing body of the municipality and after public notice and award as specified in subsection (d) below.

(d) Except as hereinafter specified, no sale of any property by the commission or agreement relating thereto shall be effected except after advertisement, bids and award as hereinafter set out. The commission shall, by public notice, by publication once a week for two consecutive weeks in a newspaper having general circulation in the municipality, invite proposals and shall make available all pertinent information to any persons interested in undertaking a purchase of property or the redevelopment of an area or any part thereof. The commission may require such bid bonds as it deems appropriate. After receipt of all bids, the sale shall be made to the highest responsible bidder. All bids may be rejected. All sales shall be subject to the approval of the governing body of the municipality.

The question posed by this appeal is whether the Board of Aldermen may, in their discretion, accept a lower bid if the high bidder has submitted a proposal for the use of the lot that complies with the zoning law and has been approved as being in conformity with the redevelopment plan. We hold that they may not do so. This case turns on the construction of the sentence from the statute "[a]fter receipt of all bids, the sale shall be made to the highest responsible bidder." We hold that the plain words of the statute require in the case sub judice that if a bid is to be accepted it must be the bid of Porsh, which was the high bid. The appellees contend that the word "responsible" gives the Aldermen discretion to accept a lower bid if the Aldermen determine the lower bidder will make a more effective contribution to the redevelopment plan. We believe "responsible" means that the bidder must have the resources and ability to do what he has agreed to do in his proposal.

The defendants contend the statute gives the Board of Aldermen the discretion to decide which plan is more consistent with the CTCDP, that the Board can take into account the overall financial effect upon the City in determining which bid to accept, and the Board took into account several germane factors in exercising its discretion in rejecting the plaintiff's bid. We believe that to accept these arguments of the defendants, we would have to overrule the plain words of the statute.

The Board of Aldermen had the option of rejecting both bids, but if it is to accept a bid, it must be the bid of plaintiff which was the "highest responsible" bid.

We reverse the superior court and remand for a judgment consistent with this opinion.

Reversed and remanded.

Judge VAUGHN concurs.

Judge MARTIN (Harry C.) dissents.